1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

United States District Court
Northern District of California

19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

REO CAPITAL FUND 4, LLC,

       Plaintiff,

    v.

ALESHIA FULLER,

       Defendant.

Case No. 15-cv-03252-JST

**ORDER GRANTING MOTION FOR DE NOVO DETERMINATION AND REMANDING ACTION**

Re: ECF No. 10

Before the Court is a Report and Recommendation prepared by Magistrate Judge Kandis A. Westmore. ECF No. 7. Judge Westmore recommends that the Court remand the present action to state court, as federal subject matter jurisdiction is lacking. Id. Defendant asks this Court to conduct a de novo determination of the question of federal subject matter jurisdiction pursuant to Local Rule 72-3 and Federal Rule of Civil Procedure 72(b). ECF No. 10. The Court will grant the motion for de novo determination and remand the action to Contra Costa County Superior Court for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff REO Capital Fund 4, LLC brought the current action in Contra Costa County Superior Court on July 7, 2015. ECF No. 1 at 4. The complaint alleges a cause of action for unlawful detainer. Id. Plaintiff requests restitution of possession of property, damages of $66.66 per day from July 1, 2015 until rendition of Judgment in the present action, and statutory damages of $600. Id. at 6.

Defendant filed a notice of removal on July 13, 2015. Id. at 1-2. Defendant states that federal subject matter jurisdiction exists pursuant to "28 U.S.C. § 1331 (federal question); 15 U.S.C. §1601, et. seq. (TILA); 15 U.S.C. §1692, Fair Debt Collection Practices Act; 12 U.S.C

§2601 (RESPA); 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ('HOEPA') 12 U.S.C. §1461 et seq." Id. at 2.

Following removal, the case was assigned to Judge Westmore.  Defendant consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF No. 5.  Plaintiff, however, did not file a notice of consent or declination to magistrate judge jurisdiction.  Judge Westmore issued a report and recommendation advising that the action "should be remanded to state court, as removal is obviously improper."  ECF No. 7.  Noting that Plaintiff had not consented to magistrate judge jurisdiction, the order directed the case to be reassigned to a District Judge.  Id.

## II.      MOTION FOR DE NOVO DETERMINATION

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Civil Local Rule 72-3, a party may object to a magistrate judge's proposed findings and recommendations by filing a motion for a de novo determination of a dispositive mattered referred to a magistrate judge.  Such a motion must be filed within fourteen days of the magistrate's recommendation and must specifically identify the portions of the findings and recommendations to which the party objects, and the reasons for the objection(s).  28 U.S.C. § 636; Fed. R. Civ. Pro. 72(b); Civ. L.R. 72-3.  When a party properly requests a de novo determination under these rules, the Court must determine de novo any part of the magistrate judge's disposition that the party has objected to.  Id. The Court "may accept, reject, or modify the recommended disposition, receive further evidence; or return the matter to the magistrate judge with instructions."  See id.

Defendant filed the present motion for de novo determination within fourteen days of Judge Westmore's July 27, 2015 Report and Recommendation.  Defendant has identified the particular finding to which she objects: Judge Westmore's conclusion that federal subject matter jurisdiction is lacking.  Because Defendant has satisfied the requirements of 28 U.S.C. § 636, Federal Rule of Civil Procedure 72(b), and Civil Local Rule 72-3, the Court hereby grants Defendant's Motion for a De Novo Determination of Judge Westmore's recommendation that this action be remanded to state court.

/ / /

/ / /

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.     FEDERAL SUBJECT MATTER JURISDICTION

#### A.     Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The party seeking to remove the action must file a notice of removal within thirty days of the party's receipt of service of the initial complaint or the summons.  28 U.S.C. § 1446(b)(1).  A party seeking to remove an action also bears the burden of establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id. (citations omitted).

Federal courts may only hear actions over which they possess subject-matter jurisdiction. See Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012). Generally, the existence of jurisdiction may be premised on either diversity of the parties or a federal question.  See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002).  Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.

Federal question jurisdiction is limited by the well-pleaded complaint rule, which requires that the basis for federal jurisdiction appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law, or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).  "[A] case may *not* be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ."  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (citation omitted).   Federal question jurisdiction may also be proper when the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  Franchise Tax Bd., 463 U.S. at 13.

/ / /

**B.      Analysis**

Defendant's notice of removal states that the Court has federal question jurisdiction under 28 U.S.C. Section 1331.  Plaintiff has pled a single claim for unlawful detainer, which arises under California law, and does not present a substantial question of federal law.  Defendant's notice of removal identifies several federal statutes.  ECF No. 1 at 2.  As Judge Westmore noted, however, these statutes do not provide a basis for the exercise of federal subject matter jurisdiction over this action, as they do not appear on the face of the complaint.

Defendant's motion for de novo determination states that "[t]he Action should not be remanded because multiple violations of federal law occurred in the bringing of the Action."  ECF No. 10 at 3.  Specifically, Defendant contends that Plaintiff acquired possession of the disputed property in violation of federal law.  Again, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (quotations and citation omitted).  Plaintiff's alleged violations of federal law do not appear on the face of the Plaintiff's "properly pleaded complaint."  Even if Defendant intends to argue that Plaintiff is not in valid possession of the property under federal law as a defense to the unlawful detainer action, "a case may not be removed to federal court on the basis of a federal defense."  Id.

Because the complaint in this action contains no cognizable basis for federal subject matter jurisdiction, the Court will remand the action to state court.

**CONCLUSION**

Upon a de novo determination of the question of federal subject matter jurisdiction, the Court finds no basis for federal jurisdiction exists in this action.  This action is hereby remanded to the Contra Costa County Superior Court.

IT IS SO ORDERED.

Dated:  August 19, 2015

_____
JON S. TIGAR
United States District Judge